Kaufman Dolowich & Voluck, LLP

One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103

Telephone: 215.501.7002
Facsimile: 215.405.2973
www.kdvlaw.com

*Monica M. Littman, Esquire*
*Email: mlittman@kdvlaw.com*

August 9, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: MRS BPO, LLC v. WebBank
     Civil Action No. 1:23-cv-05414-LGS

Dear Judge Schofield:

  We represent Plaintiff MRS BPO, LLC ("MRS") in this action. We are submitting this Joint Letter jointly with counsel for Defendant WebBank ("WebBank) pursuant to Your Honor's Order dated June 28, 2023. (Doc. 8). The Initial Conference in this case is scheduled for August 16, 2023, at 4:10 p.m., via telephone. (Doc. 8).

(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

  **Plaintiff's Position:** MRS brings this action against WebBank for WebBank's breach of the August 23, 2022 Account Services Management Service Provider Agreement ("Agreement") entered into between MRS and WebBank. A redacted copy of the Agreement is attached to MRS's Complaint as Exhibit 1. (Doc. 1-1). MRS and WebBank entered into the Agreement with the understanding that MRS was to provide collection management services to WebBank for its portfolio of accounts receivable. Despite MRS's full and complete performance under the Agreement, in or about October 2022, WebBank ceased making payments due and owing to MRS without notice or warning. WebBank has failed to remit the principal sum of $335,423.75 due and owing to MRS under the Agreement.

  **Defendant's Position**: WebBank's position is that MRS breached the Agreement by failing to perform in accordance with its terms. Prior to entering into the Agreement, MRS made representations about its ability to service WebBank's portfolio of consumer credit card accounts that were closed out by WebBank following a cessation of the associated credit card program. As a result of MRS's gross negligence, the portfolio performed well below industry standards. Problems included, without limitation, lack of qualified and trained agents handling accounts, no

The Honorable Lorna G. Schofield
August 9, 2023
Page 2

quality assurance program, inactivity by agents, information systems not syncing, and substandard communication with customers.

(2)  A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes;

**Plaintiff's Statement**: This Court has jurisdiction of this matter under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and the parties are citizens of different states. Venue is proper in this court as MRS and WebBank consented to the exclusive jurisdiction of the state and federal courts located in New York in connection with any dispute based on, arising out of, or in connection with the parties' Agreement. (Doc. 1-1 at Section 15, ¶ H).

**Defendant's Statement**: WebBank concurs with Plaintiff.

(3)  In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

**Plaintiff's Statement:** MRS is a New Jersey limited liability company with a principal place of business of 1930 Olney Avenue, Cherry Hill, New Jersey 08003. MRS BPO, LLC is comprised of the following members: (1) Saul Freedman, a citizen of New Jersey; and (2) Jeff Freedman, a citizen of New Jersey. (Doc. 6). MRS BPO, LLC, therefore, is a citizen of New Jersey for diversity purposes. (Doc. 6).

**Defendant's Statement:** WebBank is Utah chartered industrial bank having its principal place of business in 215 Soutth State Street, Suite 1000, Salt Lake City, Utah 84111.For purposes of diversity, WebBank is a citizen of Utah.

(4)  A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

**Plaintiff's Statement:** MRS will be filing a pre-motion letter requesting to file an unredacted copy of the Agreement under seal because it is confidential. (Doc. 1-1). Defendant consents to MRS's request to file an unredacted copy of the Agreement under seal.

The Honorable Lorna G. Schofield
August 9, 2023
Page 3

  **Defendant's Statement:** WebBank will be filing a pre-motion letter requesting to permission to file a motion, pursuant to FRCP12(b)(6), to dismiss MRS's claims for unjust enrichment and conversion as failing to state a cause of action and duplicative of MRS's breach of contract claim. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."); *Gemma Power Sys., LLC v. Exelon W. Medway II, LLC*, 2019 WL 3162088, at *5 (S.D.N.Y. July 1, 2019) ("Under New York law, where a valid contract governs the subject matter of a plaintiff's claims, the plaintiff may not recover in quasi contract, and it is appropriate to dismiss the claims sounding in quasi contract."); *AD Rendon Communications, Inc. v. Lumina Americas, Inc.*, 2007 WL 2962591, *8 (S.D.N.Y 2007) ("Plaintiff's allegations . . . are not enough to convert the breach of contract into a conversion cause of action.")

(5) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

 The parties have not yet conducted discovery as Defendant's deadline to respond to the Complaint is August 25, 2023. (Doc. 13). The discovery that is likely to be admissible involves both parties' conduct regarding their obligations under the Agreement.

(6) A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);

 Plaintiff is seeking the principal sum of $335,423.75, plus all pre and post judgment interest due and owing, and all costs and attorneys' fees incurred.

 WebBank has suffered damages of not less than $2 million, plus $115,000 in remediation costs, pre- and post-judgment interest, costs and attorneys' fees.

(7) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

 The parties have previously exchanged a demand and an offer, but were unable to resolve the matter.

(8) Any other information that the parties believe may assist this Court in resolving the Action.

 None.

The Honorable Lorna G. Schofield
August 9, 2023
Page 4

                                                Respectfully,

                                                <u>/s/ Monica M. Littman</u>
                                                Monica M. Littman

cc:      All counsel of record via CM/ECF

4863-3081-4070, v. 1