

Kaufman Dolowich & Voluck, LLP

One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103

*Monica M. Littman, Esquire*
*Email: mlittman@kdvlaw.com*

Telephone: 215.501.7002
Facsimile: 215.405.2973
www.kdvlaw.com

August 9, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    MRS BPO, LLC v. WebBank
             Civil Action No. 1:23-cv-05414-LGS

Dear Judge Schofield:

       I represent Plaintiff MRS BPO, LLC ("MRS") in this action. In accordance with Section III(A)(1) of Your Honor's Individual Rules and Procedures for Civil Cases, MRS writes to request a pre-motion conference to address MRS's anticipated motion to file an unredacted copy of the confidential agreement between MRS and Defendant WebBank ("WebBank) that is the subject of this lawsuit.

       On June 26, 2023, MRS filed its Complaint against WebBank for breach of contract, unjust enrichment, and conversion due to WebBank's breach of the Account Services Management Service Provider Agreement ("Agreement") entered into by MRS and WebBank. (Doc. 1). When filing its Complaint, MRS attached a redacted version of the Agreement as Exhibit 1 to the Complaint as the terms of the Agreement are strictly confidential under Paragraph 13(A) of the Agreement. (Doc. 1 at ¶ 1; Doc. 1-1 at Section 13(A)). MRS seeks leave to file an unredacted copy of the Agreement under seal pursuant to Paragraph 13(A) of the Agreement. Counsel for MRS has contacted counsel for WebBank regarding MRS's request, and WebBank consents to MRS's request to file an unredacted copy of the Agreement under seal.

       Both MRS and WebBank consented to the Agreement's confidentiality provisions under Paragraph 13(A). MRS does not have the authority to disclose the terms of the Agreement publicly under these confidentiality provisions. (Doc. 1-1 at Section 13(A)). The Agreement contains proprietary information relating to MRS and WebBank's business relationship, such that both MRS and WebBank have significant interests in protecting the information in the Agreement from disclosure to the public. These interests include, but are not limited to, preventing competitors in the marketplace from obtaining this proprietary information and protecting both MRS and WebBank from being harmed by the prospect of this unauthorized disclosure to competitors. MRS is also willing to submit an unredacted version of the Agreement to the Complaint to this Court for an *in camera* review.

The Honorable Lorna G. Schofield
August 9, 2023
Page 2

While common law provides the public the general right to access "judicial documents," courts may issue protective orders requiring that certain documents be filed under seal upon a showing of good cause. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26(c). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13-cv-5390, 2017 WL 4838306, at *6 (E.D.N.Y. Oct. 24, 2017) (internal quotations omitted).

Indeed, "the right to inspect . . . judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might become a vehicle for improper purposes . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "The decision as to access to judicial records is one best left to the sound discretion of the trial court." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Here, good cause exists to grant MRS leave to file the Agreement under seal because the terms of the parties' Agreement are confidential and not subject to public disclosure. (Doc. 1-1 at Section 13(A)). As such, MRS does not possess the authority to publicly disclose the terms of the Agreement under Paragraph 13(A), without being in breach of the Agreement it seeks to enforce. (Doc. 1-1 at Section 13(A)). Disclosure of the Agreement by MRS would result in the clearly defined injury of MRS breaching its own obligations to keep the terms of the Agreement confidential, while it simultaneously has initiated this action to enforce the terms of the very same Agreement. *See Excellent Home Care Servs., LLC*, 2017 WL 4838306, at *6. As MRS initiated this suit to enforce the terms of the Agreement, it cannot, in good faith, do so when it would be breaching the confidentiality terms of the Agreement by disclosing the Agreement in a public filing.

Additionally, should the Court not grant MRS leave to file the Agreement under seal, MRS and WebBank would face the specter of unauthorized disclosure of the Agreement to the public, which necessarily includes MRS's competitors. MRS seeks leave to file the Agreement under seal to protect the proprietary substance of the Agreement and to prevent its competitors from improperly accessing the Agreement. *See Nixon*, 435 U.S. at 598 (holding that trial courts have authority to deny access to court records to prevent the records from being used for an improper purpose). In light of the plain terms of the confidentiality provisions in Paragraph 13(A), neither MRS nor WebBank have the authority to publicly disclose the confidential Agreement, even in an action to enforce the Agreement. (Doc. 1-1 at Section 13(A)).

Thus, good cause exists for MRS to file a motion seeking leave to file an unredacted version of the Agreement under seal, so MRS will be able to comply with confidentiality terms of the Agreement. *See Lugosch*, 435 F.3d at 119.

Respectfully,

/s/ Monica M. Littman
Monica M. Littman

cc:   All counsel of record via CM/ECF

4875-7354-3278, v. 1